IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CHESTER UPLAND SCHOOL DISTRICT, et al.   :   CIVIL ACTION

          v.   :

COMMONWEALTH OF PENNSYLVANIA,   :   NO. 12-132
et al.

## ORDER RE SUBJECT MATTER JURISDICTION

AND NOW, this 16th day of March, 2012, upon consideration of Defendants' Motion to Dismiss for lack of subject matter jurisdiction (ECF No. 58), the briefs filed by all parties, the arguments the parties put forth during the various hearings and teleconferences held thus far, and for the reasons discussed in the accompanying Memorandum, it is hereby ORDERED that Defendants' Motion to Dismiss (ECF No. 58) is GRANTED in part and DENIED in part. Specifically:

**Plaintiffs**

1. Plaintiffs' Count I, brought under the IDEA only, remains as to all Defendants.

2. Plaintiffs' Count II, brought under the IDEA, Section 504, and several other federal laws, is dismissed with prejudice only insofar as it asserts a claim against the Commonwealth and Department of Education under the 14th Amendment and Title I of the ESEA/NCLB, and insofar as it asserts a claim under Section 504 against the Commonwealth. Plaintiff's Count II therefore remains as to the IDEA claim as asserted against all Defendants, as to Section 504 claim as asserted against the Department and the Individual Defendants, and under Title I of the ESEA/NCLB and the Fourteenth Amendment as to the Individual Defendants

only.

3. Plaintiffs' Count III, a federal racial discrimination claim, and Count V, a federal Constitutional claim, are dismissed with prejudice as to the Commonwealth and the Department only. Subject matter jurisdiction exists over Counts III and V as to the Individual Defendants only, pursuant to the doctrine of Ex Parte Young. By prior Order of the Court (ECF No. 77), Defendants may file a Motion to Dismiss Counts III and V on other grounds, but Counts III and V are otherwise stayed.

4. Plaintiffs' Count IV, brought under the IDEA only, remains as to all Defendants.

**District Parents and PA-NAACP**

1. The District Students' and PA-NAACP's Counts I ("Equal Protection") and II ("Due Process") are dismissed against the Commonwealth and Department of Education only. Counts I and II remain as to the Secretary under the doctrine of Ex Parte Young to the extent the claims arise under federal law. Subject matter jurisdiction also exists under Count II as asserted against the School District Defendants.

2. The District Students' and PA-NAACP's Count III, asserted only under the IDEA, remains as to the Commonwealth Defendants, the Secretary, and the School District Defendants.

**Charter School**

1. The Charter School's Counts I and II, asserting state law claims only, are dismissed with prejudice, as barred under sovereign immunity, including the Pennhurst doctrine.

4. The Charter School's Counts III and IV, also asserting state law claims only, are dismissed with prejudice because this Court declines to exercise supplemental jurisdiction over them.

**Charter School Parents**

1. The Charter School Parents' Count I ("Violation of Charter School Law by Secretary Tomalis") is dismissed with prejudice because it is barred under sovereign immunity, including the Pennhurst doctrine.

2. The Charter School Parents' Count II ("Violation of the Charter School Law by School District Defendants") is dismissed with prejudice because this Court declines to exercise supplemental jurisdiction.

3. The Charter School Parents' Count III and IV (both titled "Violation of Equal Protection Clause by Commonwealth Defendants") are dismissed with prejudice because, although styled as federal claims, they in fact are state law claims and as such are barred under sovereign immunity , including the Pennhurst doctrine.

4. The Charter School Parents' Count V ("Violation of Pennsylvania Constitution by Secretary Tomalis") is dismissed with prejudice because it is barred under sovereign immunity, including the Pennhurst doctrine.

5. The Charter School Parents' Count VI ("Violation of the IDEA by Commonwealth Defendants") remains as to the Department of Education and the Secretary.

**DCUI/DCTS**

1.  The breach of contract claim asserted by DCUI/DCTS will remain, as this Court has chosen to exercise supplemental jurisdiction and there is no sovereign immunity bar.

BY THE COURT:

s/Michael M. Baylson

Michael M. Baylson, U.S.D.J.

O:\CIVIL 11-12\12-132 Chester v Comm\Chester v Comm Order re SMJ.wpd