IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHESTER UPLAND SCHOOL DISTRICT, et al. | : | CIVIL ACTION |
| v. | : | |
| COMMONWEALTH OF PENNSYLVANIA, et al. | : | NO. 12-132 |

### MEMORANDUM AND ORDER RE: DISCOVERY DISPUTE

Plaintiff, Chester Upland School District ("District"), filed this case when it was about to run out of operating funds in the middle of the school year. The Court has issued a decision on the topic of subject matter jurisdiction (ECF Nos. 90 and 91) 2012 WL 895447 (Order) and has required highly expedited discovery leading to a nonjury trial, scheduled to start on May 7, 2012, dealing with the operation of the District's schools for the 2012-2013 school year. In addition, the parties are actively discussing settlement of funding for the current school year, and some suggestions have been made for a process to streamline the funding, arising out of the state's commitment to keep the District's schools operating for the balance of the current school year, (through June 2012).

A discovery dispute has arisen between original Plaintiffs and the Executive Branch Defendants. Although counsel are to be commended for discussions leading to a narrowing of the discovery dispute, several issues remain. The Scheduling Order of March 30, 2012 (ECF No. 105) invited the parties to submit discovery disputes, by letter, to assist in the completion of expedited discovery. Because the issues for the May trial are limited (and the Court has issued a stay as to two complex claims made by Plaintiffs), discovery must also be limited. This

Memorandum will deal with issues presented by letter from Plaintiffs' counsel dated March 26, 2012, Defendants' responses dated March 28, 2012 and April 2, 2012, and Plaintiffs' reply dated April 2, 2012.

The Court notes that the Pennsylvania Department of Education ("PDE") and the District have already provided a great deal of documents to each other. These parties are not strangers. The parties have been engaged in oversight, management and communications for many years, and many of the relevant documents are public in nature. The Court must be practical because the trial is scheduled to begin in little over thirty days. The current disputes are centered in two main topics, as requested by the District:

1.     All notes, memoranda, or minutes of PDE meetings, including those of employees or officials of PDE, regarding federal funding, including special education funding, to the District for the period January 1, 2009 to the present.

2.     Records relating to the settlement agreement and/or stipulations in <u>Gaskin v. Commonwealth</u>, 389 F. Supp. 2d 628 (E.D. Pa. 2005), its monitoring, supervision, oversight, and correction actions, including all memoranda, directives, monitoring reports, notes, and corrective action plans created as a result of such implementation.

**A.     Discovery Fence**

Discovery need not be perfect, but discovery must be fair. In determining the boundaries of appropriate discovery in any case where the scope of discovery is subject to disputes, I have found it useful to adopt, as both a metaphor and a guide to determine what discovery is appropriate, a "discovery fence." The facts that are within the discovery fence are discoverable, and relevant materials should be produced; the facts that are outside the fence are not

discoverable and need not be produced in discovery.

There are two other consequences of adopting a discovery fence. First, the "fence" itself must be a "flexible fence." The judge should always be willing to reexamine the contours of the fence depending on facts that are uncovered that were not previously known, unforeseen discovery expenses, or the judge's changing perception about what is fair. The "fence" can bulge or contract as case-specific circumstances require. Counsel should not hesitate in bringing new facts warranting a change in the fence to the Court.

Secondly, not all fact gathering must come from the opposing party. Each party can and should always conduct its own investigation of matters inside and outside the fence, the results of which may warrant a change to the fence boundaries by the judge.

B.  **Resolution of Disputes**

Concerning the first topic, the Court will define the "fence" boundary to only require PDE to produce those memoranda or other similar documents that reflect the actual policy or practices of the PDE from January 1, 2011 to the present concerning federal funding, including special education funding, and including the concept of "least restrictive environment." The Court sustains PDE's objection to producing "notes" and minutes of all meetings for several reasons.

This extremely burdensome request would involve very detailed investigation by PDE and its counsel. The Court finds the relevance of "all" notes and draft memoranda or minutes of meetings of little, if any, relevance. In dealing with a public agency, such as PDE, the deliberative process privilege should protect formative discussions as sought by Plaintiff. However, PDE will be required to produce any "final" memoranda, and minutes of meetings

where final decisions were actually made on the topics within the "discovery fence," as defined above.

As to the second topic, the Court will sustain the objection because Judge Robreno's Opinion in <u>Gaskin</u> is extremely detailed and shows what factors were considered, and what relief was approved, and why. The decision itself is relevant, but once again, requiring the state to dig through the files and records for detailed notes and memos of this old case is highly unlikely to produce any information relevant to this case. The current administration in Harrisburg, and the state's educational policies, have changed from prior policies. It is highly unlikely that any background materials relating to <u>Gaskin</u> would be admissible at trial, or even lead to admissible evidence.

PDE must produce documents stating its current policies and practices with regard to the "least restrictive environment" concept in federal law. The legal validity of current practices under federal law does not depend on the five-year-old settlement of an entirely different case.

BY THE COURT:

Date: 4/2/12

s/Michael M. Baylson

Michael M. Baylson, U.S.D.J.

O:\CIVIL 11-12\12-132 Chester v Comm\chester v Comm Memo Order Discovery Dispute.wpd