IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CHESTER UPLAND SCHOOL DISTRICT, et al.    :        CIVIL ACTION

                v.                               :

COMMONWEALTH OF PENNSYLVANIA,             :        NO. 12-132
et al.

**MEMORANDUM AND ORDER DENYING**
**MOTION FOR PARTIAL RECONSIDERATION**

      In a Memorandum and Order dated March 16, 2012 (ECF Nos. 88-89), the Court dismissed a number of claims for lack of subject matter jurisdiction. Among the claims dismissed were Counts III and IV (both titled "Violations of Equal Protection Clause by Commonwealth Defendants") of the Amended Complaint filed by the Charter School Parents who intervened in this case. The Charter School Parents now move for partial reconsideration of the Court's Order as to these claims or, in the alternative, to certify the question for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) (ECF No. 106). For the following reasons, and for the reasons discussed in the March 16th Memorandum, the motion will be DENIED.

      The Charter School Parents do not meet the standard for a Motion for Reconsideration. It is well established that reconsideration of a prior order is only warranted if the moving party demonstrates: (1) an intervening change in the controlling law; (2) the availability of new evidence which was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. See, e.g. Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). Although the Charter School

Parents argue that the Court has made clear errors of law, the Court disagrees.

The Charter School Parents first argue that their "Equal Protection" Claims are indeed federal claims with this Court's subject matter jurisdiction.  This Court found in its March 16th Memorandum that "although styled as federal claims...[t]hese claims, no matter what the Charter School Parents call them, [Counts III and IV] are state law claims for which the only possible remedy would require this Court to order the Commonwealth or its officials to apply state law in a certain way."  Memorandum Re: Subject Matter Jurisdiction at 36-37.  While true that "discriminatory enforcement of a statute or law by state . . . officials is unconstitutional," <u>Holder v. City of Allentown</u>, 987 F.2d 188, 197 (3d Cir. 1993), this is not the basis for the Charter School Parents' so-called "Equal Protection" claims.  Upon examination, the Charter School Parents complain of one thing only: that the Charter School "has not received all money it is entitled to under 24 P.S. § 17-1725-A(a)(2) or (3) . . . . " Am. Compl. ¶ 91.  This much is also clear from the relief requested under Count III:

> (a) ordering [the Department of Education] <u>not to improperly distribute funds to the School District that should be remitted to CCCS;</u>
> (b) enter permanent injunctive relief which requires Defendants to prospectively <u>comply with the Charter School Law and provide statutory funds to CCCS as required</u> . . . .

Am. Compl. ¶ 93(a)-(b) (emphasis added).  The requested relief under Count IV also demonstrates that the claim is a state law claim:

> (a) ordering [the Department of Education] <u>not to improperly distribute funds to the School District that should be remitted to CCCS;</u>
> (b) compelling Defendants to prospectively <u>apply the Charter School Law</u> equally to all charter schools in the State;
> (c) enjoining the Commonwealth Defendants from acting outside

>   of their ministerial duties delegated to the Secretary <u>with respect to funding under the Charter School Law</u> . . . .

Am. Compl. ¶ 101(a)-(c) (emphasis added). The Charter School Parents cannot repackage their state law claims as federal claims simply by labeling them as such.

The Charter School Parents also contend that <u>Pennhurst State School & Hospital v. Halderman</u>, 465 U.S. 89 (1984) does not present a bar to their requested relief against state officials for violations of state law because they alleged the state officials acted outside of the authority designated by state law. Because they pleaded that the Secretary has no authority to apply the Charter School Law differently when dealing with different Charter Schools, Am. Compl. ¶ 45, they suggest that they sufficiently pleaded he was acting "<u>ultra vires</u>" to his authority. In <u>Pennhurst</u>, the Supreme Court acknowledged an exception to sovereign immunity when a state official acts <u>ultra vires</u>—i.e. "without any authority whatsoever." 465 U.S. at 909 n.11. However, not only did the Supreme Court expressly "question the continued vitality of the <u>ultra vires</u> doctrine in the Eleventh Amendment context," <u>id.</u> at 915 n.25, it also rejected Justice Stevens' broad construction of the doctrine. <u>Id.</u> at 911. Justice Stevens, in a dissenting opinion, reasoned that "an allegation that official conduct is contrary to a statute would suffice to override the State's protection under [the Eleventh Amendment]." <u>Id.</u> at 911 (as described in the majority opinion). The Supreme Court disagreed, concluding that Justice Stevens' interpretation "rests on fiction, is wrong on the law, and most important, would emasculate the Eleventh Amendment." <u>Id.</u> Therefore it cannot be said that the Secretary was acting <u>ultra vires</u> to his authority simply by not complying with the alleged mandates of the Charter School Law. <u>See also id.</u> at 916 ("Under the dissent's view of the <u>ultra vires</u> doctrine, the Eleventh Amendment would have force only in

the rare case in which a plaintiff foolishly attempts to sue a State in its own name, or where he cannot produce some state statute that has been violated to his asserted injury. Thus, the <u>ultra vires</u> doctrine, a narrow and questionable exception, would swallow the general rule that a suit is against a State if the relief will run against it."). Indeed, the claims against the Secretary and the requested relief here clearly run against the State itself. See <u>id.</u> at 917 ("The reasoning of our recent decisions on sovereign immunity thus leads to the conclusion that a federal suit against state officials on the basis of state law contravenes the Eleventh Amendment when . . . the relief sought and ordered has an impact directly on the State itself.")

Moreover, even if <u>Pennhurst</u> did not apply, the Court would, in its discretion and for the reasons described in the March 16th Memorandum, decline to exercise supplemental jurisdiction over the state law issues raised in Counts III and IV.

Finally, there is no "controlling question of law as to which there is substantial ground for difference of opinion" which would justify certifying this issue for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

AND NOW, this    2nd    day of April, 2012, for the above-stated reasons, and for the reasons discussed in the March 16th Memorandum, it is hereby ORDERED that the Charter School Parents' Motion for Reconsideration, or in the Alternative, to Certify Question for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) (ECF No. 106) is DENIED.

        BY THE COURT:

        s/Michael M. Baylson
        _____
        Michael M. Baylson, U.S.D.J.

O:\CIVIL 11-12\12-132 Chester v Comm\Chester v. Comm Order re Motion for Reconsideration 4-2-12.wpd