IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHESTER UPLAND SCHOOL DISTRICT, et al. | : | CIVIL ACTION |
| v. | : | |
| COMMONWEALTH OF PENNSYLVANIA, et al. | : | NO. 12-132 |

**MEMORANDUM GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT**

**I.    Background**

Plaintiffs filed this lawsuit in February 2012, alleging that the Chester Upland School District ("District") was days away from being forced to close its doors for lack of funding. Several parties intervened, including parents of students in the District ("District Parents") and the Pennsylvania Chapter of the NAACP ("PA-NAACP").[1] Recognizing the need to ensure Chester Upland's continued operation—both for the 2011-12 school year and beyond—this Court set an expedited schedule for pleadings, briefing, discovery, and trial. The Court dismissed some parties all together, including the Chester Community Charter School and parents at that school, as well as Joseph P. Scarnati, III, President Pro Tempore of the Senate of the Commonwealth of Pennsylvania, and Samuel H. Smith, Speaker of the House of Representatives of the Commonwealth of Pennsylvania. The Court also dismissed, for lack of subject matter jurisdiction, insufficient pleading, or other reasons, some of Plaintiffs' and

---

[1] The Court detailed the basis for its jurisdiction, the identities of the parties, and the Plaintiffs' and Intervenors' factual allegations in its March 16, 2012 Memorandum Re: Subject Matter Jurisdiction (ECF No. 90).

Intervenor Plaintiffs' claims.[2] Although Plaintiff has been granted leave to replead some of those claims at a future date, the claims currently before the Court are those arising under the Individuals with Disabilities Education Act ("IDEA") and Section 504 of the Rehabilitation Act. In sum, the remaining claims aver that (1) the various funding decisions made by Defendants will cause the District schools to close imminently, which will result in a widespread denial of the rights protected under the IDEA; (2) the Pennsylvania special education subsidy payment formula (P.S. § 25-2509-5) violates the IDEA and Section 504 of the Rehabilitation Act; and (3) Defendants have violated the IDEA by failing to use federal IDEA funds to support special education services for students with disabilities in the District.

The various IDEA claims are asserted by the original Plaintiffs, as well as Intervenors District Parents and PA-NAACP,[3] against the Commonwealth, the Department of Education, the Secretary of Education, and Governor Corbett. The Section 504 claim remains against the Department of Education only, and was asserted by the original Plaintiffs.

Most recently, the Court certified a class pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure. The exact class definition appears in this Court's May 8, 2012 Order Modifying Class Definition (ECF No. 155), and in sum includes parents of children in the District who are eligible for or receiving IDEA of Section 504 services.

## II. The Governor's Motion

On April 24, 2012, Governor Corbett moved for partial summary judgment under Rule 56

---

[2] The Court also reserved decision on Plaintiffs' and Intervenors' standing to assert their claims.

[3] Collectively, Plaintiffs and these Intervenor Plaintiffs shall be referred to as "Plaintiffs" for the remainder of this Memorandum and Order.

of the Federal Rules of Civil Procedure, or, in the alternative, for dismissal under Federal Rule of Civil Procedure 21 (ECF No. 134). The Governor argues that he cannot be sued merely for his "general authority to enforce the laws of the state." Def. Br. at 3. Rather, the Governor contends, there must be some nexus between the Governor and the conduct at issue in the lawsuit. Def. Br. at 4. The Governor maintains that there is no such nexus between him and Plaintiffs' remaining allegations in this case and, moreover, Plaintiffs can receive all their requested relief under the IDEA and Section 504 through an injunction against the Secretary of Education. Def. Br. at 4, 7.

Plaintiffs oppose the Motion, and point to evidence gleaned from discovery that the Governor alone has the authority to make certain funding allocations to a school district—the Department of Education can only make recommendations to the Governor. Pl. Br. at 2. Plaintiffs also rely on the Governor's role in proposing and approving a state budget to establish the requisite nexus. Pl. Br. at 3.

In reply, the Governor reiterates that the Department of Education—not the Governor—is responsible for ensuring IDEA compliance. Def. Reply at 3 (citing 20 U.S.C. § 1412(a)(11)(A)). The Governor also contends that the Governor's non-binding budget recommendation to the General Assembly is insufficient to establish the required nexus. Def. Reply at 2-3.

### III. Discussion

The Court discussed this Motion with all counsel during a recorded telephone conference on May 7, 2012. The Court recognized Plaintiffs' concern that if the Court were to grant the Governor's Motion, there may be certain forms of relief that the Department or Secretary could later claim they lacked authority to provide. The Court then asked counsel for Defendants for assurances that, should the Court grant the Governor's Motion, the Department and Secretary

would not later refuse to follow a Court order on such grounds, notwithstanding their ability to appeal such any order.  Counsel for Defendants submitted a letter dated May 7, 2012 stating that this is the case.

The Secretary of Education having assumed this responsibility, subject to the right to appeal, this Court sees no reason for the Governor to remain as a Defendant.  The Secretary's assurances cure Plaintiffs' concern that the Secretary and Department lack authority to fulfill the requested relief in this case.

O:\CIVIL 11-12\12-132 Chester v Comm\Chester v Comm Memo re Gov Corbett MSJ.wpd