IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHESTER UPLAND SCHOOL DISTRICT, et al., | : : : | |
| Plaintiffs, | : : | No. 12-cv-132 |
| v. | : : | |
| COMMONWEALTH OF PENNSYLVANIA, et al., | : : : | |
| Defendants. | : | (Baylson, J.) |

**REPLY BRIEF IN SUPPORT OF PLAINTIFFS'
MOTION FOR ENFORCEMENT OF SETTLEMENT**

**I.      INTRODUCTION**

The Plaintiff class settled this case, in good faith, believing that the parties would work together to ensure that all facets of the settlement would come to fruition. The parties have been meeting and working together but presently have a disagreement about access to records. Class counsel has asked for access to the IEPs, progress reports, ESY documentation, and compensatory education awards for students. Motion for Enforcement, ECF Doc. 254. The Commonwealth's response is that Class counsel cannot have such access because: 1) the dispute is about access to records, not noncompliance with the Settlement Agreement; 2) the Settlement Agreement does not provide any right of access; and 3) confidentiality issues. Response of Commonwealth, ECF Doc. 255. The Chester Upland School District ("CUSD") joins in the Commonwealth's response and adds that it had directed its staff to include a specific provision in each IEP created to alert parents about their rights as to compensatory education. Response of CUSD, ECF Doc. 256. None of these are reasons to defeat the motion for enforcement; indeed, they are reasons to grant the motion for enforcement.

## II. ARGUMENT

### 1. The Motion Is to Enforce the Settlement.

Contrary to the suggestion of the Defendants, the motion seeks to enforce, rather than unravel, the well-designed settlement, which has, for the most part, improved services for children with disabilities in CUSD. The Settlement Agreement provides that if Class Counsel have a "reasonably justified and colorable complaint about the provision of FAPE or compliance with this Agreement on a Class-wide, and not individualized, basis, Class Counsel shall give written notice…." Doc. No. 155, and Settlement, at H. The parties negotiated for key pieces of the special education system to be enhanced. The three at issue here are explicitly referenced in the Settlement Agreement: 1) timely and proper IEPs and progress reports; 2) ESY documentation; and 3) compensatory education for 2011-2012. Settlement Agreement, at F(4) ("Timely and appropriate development of IEPs, with appropriate progress reporting"); at F(6) ("The provision of extended school year programming, as appropriate."); and Settlement Agreement, Notice to Parents. Class Counsel was to have direct access to the SEOs to ensure that Class Counsel could obtain information "without undue delay" about the provision of a Free Appropriate Public Education because that term unequivocally must include timely and appropriate IEPs, progress reports, ESY, and compensatory education. Settlement, at F, p. 6; *see also, e.g.*, Settlement, IV(C) ("The Commonwealth shall provide copies of investigation reports prepared up to and including June 30, 2013, to Class Counsel."). The parties agreed that Class Counsel would have a monitoring function for the 2012-2013 school year to ensure the success of the Settlement, and the information sought is necessary for Class Counsel to do so. As to whether individual parents are having difficulties, Class Counsel has encountered examples of same, including named Plaintiff T.F. Consistent with Class Counsel's mission, Counsel has

encouraged individual plaintiffs to resolve their claims as they can, through IEP meetings or hearings. But that does not resolve the larger issue of only 226 children out of 618 have had IEP meetings and why only 9 children having been awarded compensatory education for the 2011-2012 school year.

**2. Class Counsel Does Not Seek To Start the Case Over.**

The Commonwealth asserts that Class Counsel wants to access the information about IEPs, progress reports, ESY and compensatory education in order to "engage in discovery to see if they can posture some larger argument and essentially start this case all over again." Commonwealth's Response, ECF Doc. 255 at 9. That is not the purpose of the request for enforcement. As indicated in the motion, Class Counsel has had a cordial situation during most of the year, and has sought to work with the SEOs to improve special education for the children in CUSD. Enforcement of the present settlement is consistent with less litigation, not more. If the Defendants would simply provide the information, it seems that the matter could move toward resolution, not more litigation. Indeed, had the Defendants simply provided the information, the instant motion might have been obviated.

Class Counsel has been in contact with parents, including meetings with parents and community leaders in the CUSD. As this Court knows, parents in CUSD may not have as much information as they have needed to exercise their rights. Still, there have been meetings with parents and community leaders who have raised concerns about services.

One piece of evidence has come to light as a result of this motion. CUSD Counsel asserted that the District and the SEOs were meeting weekly to review implementation of the Settlement Agreement. CUSD Response, ECF Doc. 256. CUSD also asserted that a provision was added to assure review of compensatory education for the 2011-2012 school year. Later, CUSD Counsel

provided a copy of a memorandum about that to Class Counsel. The memorandum is dated October, 2012. Ex. A. If this "comp ed" provision was reviewed by IEP Teams, then over 215 children's IEP teams have concluded that they were not entitled to compensatory education services for loss of services during the turbulent 2011-2012 school year. This is nearly one-third of all the children in the district and casts down on the efficacy of the process. And, there are still numerous parents who have not yet had IEP meetings, including T.F., the individual named-parent plaintiff.

### 3. Confidentiality.

The Defendants assert a general claim that confidentiality prevents the Court from ordering it to disclose information from individual IEPs, progress reports, ESY, and compensatory education awards. First, this Court appointed Class Counsel, and the litigation, contrary to the suggestion of the Defendants, is not "over." The Settlement was written with an explicit provision permitting the Court to retain jurisdiction. Settlement, H. Therefore, so long as the Court has jurisdiction, confidentiality does not prevent the Court from allowing Class Counsel to have access.

With respect to the *Blunt v. Lower Merion School District*, 2009 WL 1259100 (E.D. Pa.), and *C.G. et al. v. Commonwealth*, No. 1:06-cv-1523 (M.D. Pa.), the FERPA statute and the cases themselves point out the solution. FERPA clearly allows information to be provided in compliance with a judicial order. 20 U.S.C. § 1232g(b)(2)(B); 34 C.F.R. § 99.31(a)(9)(i). In *Blunt*, no class was ever certified and no class counsel appointed, unlike the instant situation where a class was certified, class counsel was appointed, and the Court retained jurisdiction for one year for enforcement. In *C.G.*, the information was eventually provided in redacted form.

The Court may order the information released, with proper FERPA notice to the defined class, and opportunity for any parent to object and a timeframe for doing so.

### III. CONCLUSION

The Court should order the District and the Commonwealth to provide Class Counsel with access to IEPs, progress reports, ESY documentation, and compensatory education awards for class members.

Respectfully submitted this 19th day of March, 2013.

>   /s/ Sonja D. Kerr
>   Sonja D. Kerr, Esq. (Pa. Bar # 95137)
>   Michael Churchill, Esq. (Pa. Bar # 4661)
>   Public Interest Law Center of Philadelphia
>   1709 Benjamin Franklin Parkway, 2nd Floor
>   Philadelphia, PA 19103
>   Phone: (215)627-7100
>   Fax: (215)627-3183
>   Email: mchurchill@pilcop.org; skerr@pilcop.org
>
>   *Counsel for the Class and Plaintiffs B.C., M.F., T.F., and the Pa-NAACP*