IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHESTER UPLAND SCHOOL DISTRICT, et al.**<br><br>v.<br><br>**COMMONWEALTH OF PENNSYLVANIA, et al.** | **CIVIL ACTION**<br><br>**NO. 12-132** |

## ORDER RE: ENFORCEMENT OF SETTLEMENT AGREEMENT

**AND NOW**, this 9th day of April, 2013, following plaintiffs' class Motion for Enforcement (ECF 254), the Court held a recorded telephone conference with counsel on Tuesday, April 9, 2013 at which time the allegations set forth in the motion, and the contentions by the defendants, were reviewed. The Motion will be **GRANTED** in part and **DENIED** in part as follows:

1. The Court rejects the argument that class counsel do not have standing or other rights to bring these issues before the Court.

2. For purposes of plaintiffs' Motion, the Court considers the School District to be a party against which relief is requested.

3. The Court finds prima facia evidence that there are reasons to have an evidentiary hearing to inquire into the merits of the Motion, and to require the School District and the Commonwealth to show cause why relief should not be granted, particularly to ensure that there will be completion of all IEP's and all IEP meetings with all parents of special education children, before the end of the school year.

The Court has particular concerns about the data showing the small number of students with whom compensatory education was discussed as well as the small number to whom such relief was awarded.

For these reasons, the Court will hold a hearing on Wednesday, April 17, 2013 at 9:30 a.m in Courtroom 3A at which plaintiffs, the School District and the State shall present witnesses

on the following topics:

1. Documentation as to how the $9 million awarded to the School District for special education during the school year is being spent.

2. A written schedule showing completion of IEP's and IEP meetings for all parents of special education students, before the end of the school year – showing specific numbers completed by specific dates, that will be adhered to.

3. No later than Monday morning, April 15, 2013, a representative of class counsel will have access to 10% of the files of special education students for whom IEP meetings have already been held during this school year, which defendant's counsel represented were approximately half of all special education students in the District, or 300 students, to review those files (and in all respects, maintain the confidentiality of data within the files), to determine whether the statistics presented by the Special Education Officers to class counsel have been accurate. In particular, the Court is interested to know when an IEP meeting is held, whether parents attend, parents understand their rights, parents are advised of the availability of compensatory education, and reasons why compensatory education has been awarded in so few instances.

4. The Special Education Officers at the district shall attend the hearing and be prepared to testify as to their work.

5. Class counsel are encouraged to interview parents who may have personal knowledge about the content of IEP meetings, and present their testimony at the hearing.

                                                  **BY THE COURT:**

                                                  **/s/ Michael M. Baylson**

                                                  **Michael M. Baylson, U.S.D.J.**

O:\CIVIL 12\12-132 Chester v Comm\12cv132.enforce.settlment.doc